IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOEL K. BANGO,
    Petitioner,

v.                                                       Case No.: 3:05cv466/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on November 30, 2005 (Doc. 1 at 1, 6).  In his habeas petition, Petitioner challenges a prison disciplinary proceeding at Santa Rosa Correctional Institution, which resulted in the forfeiture of sixty days gain time and an imposition of thirty days solitary confinement (*id.* at 1, 2).  As relief, Petitioner seeks expungement of the disciplinary report from his inmate record and restoration of gain time (*id*. at 6).  Respondent filed an answer asserting that Petitioner failed to raise any issue of federal constitutional dimension (Doc. 12).  Petitioner filed a reply (Doc. 18).  This court noted that Petitioner's sentence had expired, and on September 27, 2006, issued an order giving the parties thirty days to file supplemental briefs on the sole issue of whether Petitioner's release renders his instant habeas action moot (Doc. 19).  Respondent replied and moved for dismissal of Petitioner's habeas action based on the fact that it is moot (Doc. 20 at 3).  Petitioner has not responded to the court's order.

       Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy.  Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).  Upon expiration of an inmate's sentence, some concrete and continuing injury, or "collateral consequence" of the conviction must exist if the habeas action is to be maintained.  Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998).  The Supreme Court

developed the collateral consequences doctrine beginning with <u>Pollard v. United States</u>, 352 U.S. 354, 77 S. Ct. 481, 1 L. Ed. 2d 393 (1957), when it held that a habeas petitioner challenging the validity of his conviction had an active case in controversy even though he had been released, because his conviction might affect his resident alien status. As the doctrine developed in subsequent cases, the Court required petitioners to plead and prove the existence of collateral consequences to maintain a habeas action after release from incarceration. The Court found that such consequences existed in instances where a petitioner claimed that his conviction rendered him unable to engage in certain businesses or serve as an official in a labor union, <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238, 88 S. Ct. 1556, 1559–60, 20 L. Ed. 2d 554 (1968), it rendered him ineligible to serve as a juror, <u>Fiswick v. United States</u>, 329 U.S. 211, 221–23, 67 S. Ct. 224, 229–30, 91 L. Ed. 196 (1946), it might subsequently increase a current sentence under state recidivist law, <u>Parker v. Ellis</u>, 362 U.S. 574, 576, 80 S. Ct. 909, 911, 4 L. Ed. 2d 963 (1960), or might result in the revocation of a business license, <u>Ginsberg v. New York</u>, 390 U.S. 629, 633 n.2, 88 S. Ct. 1274, 1277 n.2, 20 L. Ed. 2d 195 (1968). The requirement of pleading and proving collateral consequences disappeared in <u>Sibron v. New York</u>, when the Supreme Court announced that it had "abandoned all inquiry into the existence of collateral consequences and in effect presumed that they existed." 392 U.S. 40, 55, 88 S. Ct. 1889, 1898, 20 L. Ed. 2d 917 (1968). The Court added to the list of collateral consequences in <u>Evitts v. Lucey</u>, when it held that collateral consequences included the denial of the right to vote and hold public office, and the possibility of being impeached as a witness at a future time. 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985).

Each of the foregoing cases, however, involved a challenge to a conviction, not a challenge to the calculation of a term of imprisonment, which is the sole issue in the instant case. In <u>Lane v. Williams</u>, the Supreme Court refused to extend the presumption of collateral consequences (or its willingness to accept hypothetical consequences) to a prisoner's challenge to the parole portion of his sentence and not his conviction, thereby requiring the habeas petitioner to prove the existence of collateral consequences to overcome the mootness issue that arose upon the expiration of his sentence. 455 U.S. 624, 102 S. Ct. 1322, 71 L. Ed. 2d 508 (1982). The Court rejected the contention that an inmate suffered collateral consequences as a result of a parole revocation simply

because the revocation could be used to the petitioner's detriment in future parole proceedings should he ever be convicted of other crimes. *Id.*

Similarly, in Spencer v. Kemna, the Court held that a habeas petitioner challenging a parole revocation after his sentence had expired must specifically identify concrete disadvantages or disabilities that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law, and that were attributable to the parole revocation. 523 U.S. at 14. Spencer argued that the parole revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, could be used to impeach him if he appeared as a witness or litigant in a future judicial proceeding, or could be used against him directly if he appeared as a defendant in a future criminal proceeding. The Court rejected these contentions as speculative. 523 U.S. at 14–16.

In the instant case, Petitioner does not dispute that he was released from incarceration because his criminal sentence expired. The court notes that Petitioner is involuntarily committed to the Florida Civil Commitment Center; however, a civil commitment is not part his criminal sentence. Even if Petitioner could prove that gain time was wrongfully forfeited, the court could not grant relief, as gain time may be applied only to shorten the term of imprisonment imposed pursuant to a criminal sentence, and that term has expired. A favorable decision on the merits would not entitle Petitioner to any additional relief, and therefore he no longer has a personal stake in the outcome. *See* Graham v. United States Parole Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action) (quotations omitted); *see also* Ashkenazi v. Attorney General, 346 F.3d 191, 192 (D.C. Cir. 2003) (whether BOP policy permitting assignment of inmates to halfway houses for only last ten percent of sentences violated ex post facto prohibitions was moot because petitioner came within last ten percent of term of incarceration during pendency of habeas petition, and BOP policy could have no future effect on petitioner); Bugarin-Juarez v. Weiss, 76 Fed.Appx. 773, 774, 2003 WL 21949137 (9th Cir. 2003) (appeal rendered moot by petitioner's release from BOP custody, where there was no longer possibility petitioner could face transfer from halfway house to penal facility pursuant to new BOP policy).

Furthermore, no civil disabilities result from an erroneous forfeiture of gain time or an erroneous imposition of solitary confinement.  *See* Lane, 455 U.S. at 632.  Consequently, the reasoning of Lane and Spencer is binding, and Petitioner cannot maintain this habeas action.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED as moot**.

At Pensacola this 31st day of October 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**